IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:14-CV-206-FL

| | |
|---|---|
| ADRIAN DAVIS CAPPS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

This matter is before the court on the parties' cross motions for judgment on the pleadings. (DE 17, 19). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr., entered a memorandum and recommendation ("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm defendant's decision. Plaintiff timely filed objections to the M&R and defendant responded. Thus, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the M&R as its own, grants defendant's motion, denies plaintiff's motion, and affirms defendant's final decision.

## BACKGROUND

On June 29, 2011, plaintiff filed an application for supplemental security income benefits, alleging disability beginning March 1, 2009. The application was denied both initially and upon reconsideration. On March 21, 2013, plaintiff amended his alleged onset date to October 19, 2011. Thereafter, plaintiff filed a request for a hearing before an administrative law judge ("ALJ"), who, after an April 1, 2013, hearing, denied plaintiff's claims by order entered May 24, 2013. Following

the ALJ's denial of his applications, plaintiff timely filed a request for review with the Appeals Council. On July 22, 2014, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as defendant's final decision. On September 29, 2014, plaintiff timely filed complaint in this court seeking review of defendant's decision.

**COURT'S DISCUSSION**

A.      Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

To assist it in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do

2

not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since June 29, 2011, the application date. At step two, the ALJ found that plaintiff had the following severe impairments: high blood pressure, history of right elbow bursitis, degenerative joint disease status, history of right hip anthroplasty, depression, and history of alcohol abuse. However, at step three, the ALJ further determined that these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listings in the regulations. Applying the special technique for

3

evaluation of mental impairments, the ALJ found that plaintiff's mental impairments resulted in mild restriction in activities of daily living and social functioning, and moderate limitations in concentration, persistence, or pace. In addition, the ALJ found that plaintiff had suffered no extended periods of decompensation.

Before proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform light work, subject to certain limitations, including restriction to performance of simple, routine, repetitive tasks. At step four, the ALJ concluded plaintiff was unable to perform his past relevant work. At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that plaintiff can perform. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act.

B.     Analysis

     1.     Treating Physician Opinion

Plaintiff argues that the ALJ erred by giving less than controlling weight to the opinion of his treating orthopedist, Dr. Walter Frueh, who opined that plaintiff should be limited to "sedentary work only." (Tr. 344). The magistrate judge rejected plaintiff's argument, reasoning that the ALJ properly gave little weight to the opinion of Dr. Frueh where it was contrary to the clinical evidence in the record. (M&R at 8-11). Because the magistrate judge cogently addressed the arguments already raised by plaintiff, the court adopts and incorporates the magistrate judge's discussion herein. The court writes separately to amplify the analysis of the magistrate judge.

The ALJ's discussion of Dr. Freuh's opinion was both detailed and supported by substantial evidence. The ALJ reviewed the history of plaintiff's treatment with Dr. Frueh, including pre-

4

operative findings, post-operative examinations, and clinical evidence at the time of Dr. Frueh's opinion. (Tr. 31-32). The ALJ recognized that Dr. Freuh is both a "treating orthopedic specialist," and plaintiff's "orthopedic surgeon." (Id.). Nevertheless, the ALJ explained that he found good cause to give little weight to Dr. Freuh's opinion "in light of his contemporaneous examination findings and the results of imaging studies," as well as "no indication of the claimant seeking further treatment from Dr. Freuh" or use of "a hand held device." (Tr. 32). In this manner, the ALJ properly considered multiple factors bearing on the evaluation of the medical opinion. See Johnson, 434 F.3d at 654.

In addition, the ALJ's assessment is supported by substantial evidence. On December 17, 2012, on the same date as his opinion, Dr. Freuh found him doing "wonderfully" with "no pain whatsoever in his right hip," after approximately 2 months of "full weightbearing." (Tr. 345). Dr. Freuh noted that plaintiff walked "without a limp" and that he had "painless range of motion of the right hip, and negative straight leg text." (Id.). Imaging tests revealed "a well-positioned and aligned right total hip arthroplasty with no evidence of loosening, wear, fracture, or failure," as well as "no internal subsidence whatsoever. (Id.). Finally, Dr. Freuh recommended "followup in one year with x-rays of the right hip, unless symptoms dictate otherwise." (Id.). There is no record of any follow up as of date of ALJ decision, May 24, 2013.

Accordingly, because the ALJ sufficiently explained his reasons for giving little weight to the opinion of Dr. Freuh and because that explanation was supported by substantial evidence, the court must uphold defendant's decision as to this issue.

    2.       Concentration, Persistence, and Pace

Plaintiff argues for the first time in his objections to the M&R that the ALJ did not account

properly for plaintiff's limitations in concentration, persistence, and pace, as required by Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015). In Mascio, the Fourth Circuit held that "an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." 780 F.3d at 638 (internal quotations omitted). "[T]he ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." Id. Provided the finding is sufficiently explained in the decision, an "ALJ may find that the concentration, persistence, or pace limitation does not affect [the claimant's] ability to work, in which case it would have been appropriate to exclude it from the hypothetical tendered to the vocational expert." Id. In Mascio, where the ALJ "gave no explanation" on this issue, the Fourth Circuit held that "a remand is in order." Id.

In this case, in contrast to Mascio, the ALJ explained his reasons for finding the concentration, persistence, or pace limitation does not affect plaintiff's ability to work, apart from the limitation to simple, routine, repetitive tasks. First, in rating severity of mental impairments at steps two and three of the sequential evaluation process, the ALJ recognized a determination by the initial reviewing state agency psychological consultant in October 2011 that plaintiff was moderately limited in concentration, persistence or pace. (Tr. 26, 70). The ALJ recognized a similar determination by consultative examiner, Dr. C. Craig Farmer, also in October 2011, noting "the possibility of having some difficulty tolerating the stress and pressures of daily work." (Tr. 27, 272). "However," the ALJ reasoned, "the claimant was drinking considerably more alcohol at this time and the undersigned has accommodated the claimant's stress tolerance and chronic pain by limiting him to simple, routine, repetitive tasks." (Tr. 27).

6

The ALJ further elaborated in discussing his RFC determination. In particular, he noted:

> The undersigned gives some weight to Dr. Farmer's consultative opinion. . . . [T]he undersigned finds his opinion that the claimant is capable of performing simple, routine, repetitive tasks and able to relate adequately to others supported by the consultative examination findings, the mental findings by other medical providers of record and the claimant's testimony regarding activities of daily living. However, the undersigned gives little weight to Dr. Farmer's GAF score rating (50) and observation that the claimant may have some impairment [sic] his ability to tolerate job stress and pressures due to mood swings as not supported fully by the overall record evidence.

(Tr. 30). The ALJ then detailed further the aspects of the record supporting this determination:

> The GAF score is merely a snapshot and is not an indicator of the claimant's overall functional ability. Moreover, the claimant indicated he was drinking more heavily at this time. The claimant did not initially allege disability due to any mental impairment and his testimony regarding typical activities, including spending time with friends, doing household chores and playing the guitar, is suggestive of a higher level of functioning. Dr. Farmer did not quantify possibly [sic] job stress functional limitations and the claimant did not testify to any significant functional mental limitations (including mood swings), which would prevent him from working. In addition, other medical providers have since found the claimant cooperative and having a normal mood and affect on examination and the claimant has not been referred to or received any treatment from a mental health care provider due to mood disturbances.

(Tr. 30). In light of this significant level of detail in discussing the evidence in the record bearing on mental functional capacity limitations, this case is distinguishable from Mascio, and the ALJ has provided sufficient explanation to enable meaningful judicial review.

Furthermore, substantial evidence in the record supports the ALJ's determination. Such evidence includes findings by state consultative examiners. (See, e.g., Tr. 71 (finding "the clmt is able to sustain attention to complete tasks in a timely manner," and finding no significant limitations in "ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances"); Tr. 82 (finding "[h]e can pay attention as long as needed," and "[h]e can handle changes in routine okay")). Plaintiff's testimony and records as to activities of daily

7

living further support the ALJ's determination. (See, e.g., Tr. 48, 56, 271). Finally, records of other medical providers support the ALJ's determination. (See, e.g., Tr. 285 ("We did again discuss his drinking. He continues to wean himself in an effort to prevent him from having problems with delirium tremens after right hip arhroplasty.") 291, 298, 301, 307, 311 ("Psychiatric: Alert. Cooperative. Normal mood and affect") 348 ("Denies anxiety, depression, thoughts of suicide, mental problems, and memory loss").

In sum, the ALJ accounted properly for plaintiff's limitations in concentration, persistence, and pace, in his RFC determination and hypothetical posed to the vocational expert, as required by Mascio, 780 F.3d at 683. Accordingly, plaintiff's argument on this basis is without merit.[1]

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R as its own. Plaintiff's motion for judgment on the pleadings (DE 17) is DENIED, and defendant's motion for judgment on the pleadings (DE 19) is GRANTED. The clerk of court is DIRECTED to close this case.

SO ORDERED this 8th day of March, 2016.

LOUISE W. FLANAGAN
United States District Judge

---

[1] The magistrate judge addressed an additional argument raised by plaintiff as to the ALJ's assessment of plaintiff's credibility (M&R at 12-16). Plaintiff did not raise any objections to this analysis. Upon careful review of the M&R and the record generally, the court finds no clear error in the magistrate judge's treatment of this issue.